UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LUIS OCTAVIO GOMEZ TERCERO,

Petitioner,

v.

WARDEN, ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

Case No. 5:26-cv-01488-PD

**ORDER REQUIRING PETITIONER'S FORTHWITH RELEASE FOR VOLUNTARY DEPARTURE TO GUATEMALA**

On April 27, 2026, Luis Octavio Gomez Tercero ("Petitioner") filed a counseled Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention at the Adelanto Detention Facility. Dkt. No. 8.

On May 5, 2026, an Immigration Judge issued an order granting Petitioner "pre-conclusion voluntary departure under [8 U.S.C. § 1229c(a)], in lieu of removal, without expense to the Government, on or before 06/02/2026, or any extension as may be granted by the Department of Homeland Security (DHS), and under any other condition DHS may direct." (the "Order"). *See*

Dkt. No. 18-3.[1]  The Order further states that

> if any of the above-ordered conditions are not met as required or if [Petitioner] fails to depart as required, the above grant of pre-conclusion voluntary departure shall be withdrawn without further notice or proceedings and the following order, entered pursuant to 8 C.F.R. § 1240.26(d), shall become immediately effective: [Petitioner] shall be removed to Nicaragua on the charge(s) set forth in the Notice to Appear.

*Id.*

Petitioner is a citizen of Nicaragua who fled political persecution and entered the United States seeking asylum on November 5, 2023.  Dkt. No. 8, Amended Petition ¶¶ 1, 33.  The declaration of Petitioner's counsel in this action includes the following information provided by counsel for Petitioner at the hearing before the IJ on May 5, 2026.  At that hearing, Petitioner's counsel reiterated to the IJ that Petitioner fled Nicaragua after facing persecution and cannot return to Nicaragua, but that he requested voluntary departure so he could depart to Guatemala; that as a national of Nicaragua, Petitioner will have permission to enter Guatemala and have thirty days to reside so he can apply for asylum, which he plans to do; that Petitioner was able and intended to purchase his own commercial flight ticket to depart to Guatemala; the IJ asked Petitioner, under sworn testimony, whether he would be responsible for his plane ticket and Petitioner confirmed he would; the IJ then issued the Order.  Dkt. No. 14, Sanchez Decl. ¶ 3.  Petitioner sought voluntary departure solely because it allowed him to travel to Guatemala and seek asylum there.  *Id.* ¶ 5.  On May 12, 2026, Petitioner, through assistance, sent a communication to Immigration and Customs Enforcement ("ICE"), providing a copy of the Order, proof of a flight ticket to

---

[1] The order granting Voluntary Departure is attached to this Order.

depart the United States and travel to Guatemala, and a copy of Petitioner's passport. *Id.* ¶ 6; Dkt. No. 14-2 at 7-10.

On May 26, 2026, the Court held a hearing on the Amended Petition. Petitioner seeks forthwith release so he may travel to Guatemala on or before June 2, 2026. Respondents do not oppose a narrow order granting release for the purpose of self-deporting to Guatemala, on condition that ICE may re-detain Petitioner if he fails to depart by June 2, 2026.

Therefore, based on the parties' agreement, the Court ORDERS as follows:

1. Respondents shall release Petitioner forthwith from immigration custody so that he can comply with the Order and travel to Guatemala on or before June 2, 2026. The Order sets forth the consequences to Petitioner if he fails to voluntarily depart by that date.

2. Respondents' counsel shall file a status report confirming Petitioner's release within 24 hours of his release from custody; if release is delayed for any reason, Respondents shall promptly notify the Court.

IT IS SO ORDERED.

DATED: May 26, 2026

*Patricia Donahue*

Patricia Donahue
United States Magistrate Judge

Attachment: May 5, 2026 Order of the Immigration Judge

3



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**ADELANTO IMMIGRATION COURT**

Respondent Name:

    GOMEZ TERCERO, LUIS OCTAVIO

To:

    Montealegre, Astrid Carolina
    2140 W. Chapman
    Suite 121
    Orange, CA 92868

A-Number:
245-433-435
Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
05/05/2026

### ORDER OF THE IMMIGRATION JUDGE

Based on Respondent's admissions, the court has determined that the Respondent is removable from the United States based on the charge(s) set forth in the Notice to Appear. The Respondent has made an application solely for voluntary departure in lieu of removal and has waived appeal of all issues.

**ORDER:** Accordingly, it is HEREBY ORDERED that the respondent be GRANTED pre-conclusion voluntary departure under Immigration and Nationality Act (INA) § 240B(a), in lieu of removal, without expense to the Government, on or before 06/02/2026, or any extensions as may be granted by the Department of Homeland Security (DHS), and under any other conditions DHS may direct.

It is FURTHER ORDERED:

☐ that the Respondent post a voluntary departure bond in the amount of $
USD with DHS on or before       .

☐ that the Respondent provide DHS with the Respondent's passport or other travel documentation sufficient to assure lawful entry into the country to which Respondent is departing within 60 days of this order, or within any time extensions that DHS may grant and/or

☐ Other:

It is FURTHER ORDERED that if any of the above-ordered conditions are not met as required or if the Respondent fails to depart as required, the above grant of pre-conclusion voluntary departure shall be withdrawn without further notice or proceedings and the following order, entered pursuant to 8 C.F.R. § 1240.26(d), shall become immediately effective:
the Respondent shall be removed to Nicaragua on the charge(s) set forth in the Notice to Appear.

It is FURTHER ORDERED that if the above country advises DHS that it is unwilling to accept the Respondent into its territory, or fails to advise DHS within three months following original inquiry whether it will accept Respondent into its territory, the Respondent shall be removed to Nicaragua

The Respondent is HEREBY ADVISED that if the Respondent fails to voluntarily depart the United States within the time specified, or within any extensions that DHS may grant, the Respondent will be subject to the following penalties:

The Respondent will be subject to a civil monetary penalty as listed in 8 C.F.R. § 280.53(b). *See* INA § 240B(d). The court has set the presumptive civil monetary penalty amount of $3,000.00 USD (or $ USD instead of the presumptive amount).

The Respondent will be ineligible, for a period of 10 years, to receive cancellation of removal, adjustment of status, registry, voluntary departure, or a change in nonimmigrant status. *See* INA § 240B(d).

The Respondent is FURTHER ADVISED that if Respondent files a motion to reopen or reconsider during the voluntary departure period, the period allowed for voluntary departure will not be stayed, tolled, or extended, the grant of voluntary departure will be terminated automatically, the alternate order of removal will take effect immediately, and the above penalties for failure to depart voluntarily under INA § 240B(d) will not apply. 8 C.F.R. §§ 1240.26(b)(3)(iii), (e)(1).

Failure to Depart: If Respondent is subject to a final order of removal and willfully fails or refuses (1) to depart from the United States pursuant to the immigration court's order, (2) to make timely application in good faith for travel or other documents necessary to depart the United States, (3) to present themselves at the time and place required for removal by the DHS, or (4) conspires to or takes any action designed to prevent or hamper their departure pursuant to the order of removal, Respondent shall be subject to a civil monetary penalty for each day Respondent is in violation, pursuant to INA§ 274D and 8 C.F.R. § 280.53(b)(14). If Respondent is removable pursuant to INA § 237(a), then Respondent shall be further fined and/or imprisoned for up to 10 years. See INA § 243(a)(1). Further, any Respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than two years, or both. 8 U.S.C. § 1326(a).

*Darin Flagg*

Immigration Judge: Flagg, Darin 05/05/2026

Appeal:    Department of Homeland Security:    ☑ waived    ☐ reserved
           Respondent:                          ☑ waived    ☐ reserved

Appeal Due:

### Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : GOMEZ TERCERO, LUIS OCTAVIO | A-Number : 245-433-435

Riders:

Date: 05/06/2026 By: HERNANDEZ, RICHARD, Court Staff

8